## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JULIE F. PORTER,** | ) | |
| | ) | |
| Plaintiff[1] | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00398-JDL |
| | ) | |
| **MAINE DEPARTMENT OF** | ) | |
| **HEALTH AND HUMAN** | ) | |
| **SERVICES et al.,** | ) | |
| | ) | |
| Defendants | ) | |

### ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

Julie F. Porter, who is unrepresented, has filed an application to proceed *in forma pauperis* (IFP). *See* IFP Application (ECF No. 3). IFP status is available under 28 U.S.C. § 1915(a)(1) for persons who are "unable to pay" court filing fees. In deciding whether to grant an IFP application, courts must consider whether an applicant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life. *See Strange v. Juice Man*, No. 1:20-cv-00466-LEW, 2021 WL 67202, at *1 (D. Me. Jan. 7, 2021).

In her application, Porter attests that her take home pay is $608 per week (which works out to approximately $2400 per month) and that she has $2,000 in the

---

[1] Although her complaint is vague, it appears that Porter is also attempting to bring this lawsuit on behalf her minor child, P.T.P. *See* Complaint (ECF No. 1) at 1, 3-4, 6-7. As a non-attorney parent, however, she may not bring claims on behalf her child in federal court. *See Pineda v. Dep't of Child. & Fams.*, No. 16-12229-WGY, 2016 WL 6661143, at *2 & n.2 (D. Mass. Nov. 9, 2016) ("In a civil rights action, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." (cleaned up)); *see also Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (collecting cases).

1

bank.  *See* IFP Application at 1-2.  The only expense she lists is a monthly mortgage payment of $1,600.  *See id.* at 2.  She does not list any dependents or debts but does note that she went through bankruptcy a little over two years ago.  *See id.*

Given that Porter's monthly income exceeds her monthly expenses by around $800 and that she has $2,000 in the bank right now, I find that she has not demonstrated a present inability to pay this Court's filing fee even considering her somewhat recent bankruptcy.  Accordingly, Porter's IFP Application is **DENIED**, and she is **DIRECTED** to pay this Court's $402 filing fee by January 12, 2023.  If Porter does not pay the filing fee by that date, her case will be subject to dismissal.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: December 21, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

2