UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JULIE F. PORTER, | ) |
| | ) |
| Plaintiff[1] | ) |
| | ) |
| v. | )  No. 1:22-cv-00398-JDL |
| | ) |
| MAINE DEPARTMENT OF | ) |
| HEALTH AND HUMAN | ) |
| SERVICES et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Upset with the results of state court child protection proceedings that ultimately resulted in the termination of her parental rights, Julie F. Porter brings this pro se civil rights action against the Maine Department of Health and Human Services (DHHS), DHHS Commissioner Jeanne Lambrew, and DHHS Caseworker Meghan Sperry. *See* Complaint (ECF No. 1). In a somewhat hard to follow complaint, Porter alleges that she had a child at age fifty-seven in June 2020 via in vitro fertilization; her child was almost immediately taken away from her by a social worker for discriminatory reasons relating to her age, marital status, and gender; and DHHS subsequently failed in its duty to attempt to reunify her with her child. *See id.* She asks this Court to order reunification with her child. *See id.*

---

[1] Porter also attempts to bring this action on behalf of her minor child, P.T.P. *See* Complaint (ECF No. 1) at 3-4, 6-7. But as I previously noted, *see* ECF No. 5 at 1 n.1, Porter cannot bring civil rights claims on behalf of her child in federal court because she is not an attorney, *see, e.g.*, *Pineda v. Dep't of Child. & Fams.*, No. 16-12229-WGY, 2016 WL 6661143, at *2 & n.2 (D. Mass. Nov. 9, 2019) ("In a civil rights action, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." (cleaned up)).

1

The Defendants move to dismiss Porter's complaint on several grounds including that her claims are barred by the *Rooker-Feldman* doctrine because she seeks to have this Court overturn the judgment of the Maine District Court (as affirmed by the Maine Law Court) terminating her parental rights. *See* Motion (ECF No. 12) at 4-7.

In opposing dismissal, Porter makes impassioned arguments about her constitutional rights, alleges a slew of additional facts, and raises several new legal theories. *See* Opposition (ECF No. 15). She does not, however, contest the Defendants' assertion that a final judgment entered against her in state court or otherwise address the *Rooker-Feldman* doctrine. *See id.* If anything, she makes it even clearer that what she really wants is for this Court to overturn the results of the state court proceedings—"[M]y entire case should be thrown out on the grounds of its unconstitutionality . . . ." *Id.* at 4.

While I am sympathetic to Porter's anguish at losing her child, the Defendants are right that this Court lacks jurisdiction to review and overturn the results of the state court judgment terminating her parental rights. "Pursuant to the *Rooker-Feldman* doctrine and 28 U.S.C. § 1257, a party who obtains a final judgment from the highest court of a state—in this case, from the Maine Law Court—may only have that judgment reviewed by writ of certiorari to the United States Supreme Court. The *Rooker-Feldman* doctrine precludes 'parties who lost in state court from seeking review and rejection of that judgment in [a lower] federal court.'" *Miller v. Nichols*, 592 F. Supp. 2d 191, 195 (D. Me. 2009) (quoting *Puerto Ricans for P.R. Party v.*

*Dalmau*, 544 F.3d 58, 68 (1st Cir. 2008)); *see Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (affirming the district court's conclusion that *Rooker-Feldman* barred parents' "effort to do an end run around the state court's judgment" terminating their parental rights).

To the extent that Porter presses claims based on DHHS's reunification efforts that are not precluded by the *Rooker-Feldman* doctrine, those claims are—as the Defendants point out—barred by the claim preclusion prong of res judicata. *See* Motion at 8-10. This is so because Porter and DHHS were both parties in the state court child protection proceedings, Porter does not contest that a valid final judgment entered terminating her parental rights, and DHHS's reunification efforts were—or at least could have been—litigated during the course of the state court proceedings. *See Nickerson-Malpher v. Worley*, 560 F. Supp. 2d 75, 80 (D. Me. 2008) ("[F]ederal courts apply the law of preclusion of the state in which the judgment was entered.  Under Maine law, a claim cannot be litigated if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been[,] litigated in the first action." (cleaned up)); *In re Daniel H.*, 2017 ME 89, ¶ 15, 160 A.3d 1182 (noting that DHHS's reunification efforts are considered by courts "as one of many factors in evaluating the parent's fitness"); *cf. Miller*, 586 F.3d at 62-63 (holding that parents had the incentive and opportunity to argue that DHHS's reunification efforts violated federal law in state court child protection proceedings).

For these reasons, I recommend that the Court **GRANT** the Defendants' motion and **DISMISS** Porter's complaint.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: July 24, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

4